**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

**KAPPA DIGITAL, LLC,**

**Plaintiff,**

**v.**

**HUGHES NETWORK SYSTEMS, LLC (d.b.a. HUGHES NETWORK SYSTEMS, LLC OF DELAWARE),**

**Defendants.**

**CIVIL ACTION NO. 2:15-cv-915**

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1. Kappa Digital, LLC ("Kappa" or "Plaintiff"), files this first amended complaint for patent infringement, as a matter of right under FRCP 15(a)(1), in which Kappa makes the following allegations against Hughes Network Systems, LLC (d.b.a. Hughes Network Systems, LLC of Delaware)("Hughes" or "Defendant").

## PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Kappa's president is Daniel F. Perez.

3. On information and belief, Defendant Hughes is a Delaware corporation with its principal place of business at 11717 Exploration Ln., Germantown, MD 20876-2799. Hughes' Registered Agent for service of process in Texas appears to be CSC- Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 6,349,135**

7. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 6,349,135 ("the '135 Patent") entitled "Method And System For A Wireless Digital Message Service"– including all rights to recover for past and future acts of infringement. The '135 Patent issued on Feb. 19, 2002. A true and correct copy of the '135 Patent is attached as Exhibit A.

8. Upon information and belief, Hughes has been and now is, directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by Hughes, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, Hughes' infringing systems include, but are not limited to, at least its HughesNet Gen 4 residential internet service/systems and its HughesNet Business Broadband service/systems. Use of these infringing products and the services they provide in their intended manner, and as they are designed and/or programmed to operate – specifically with respect to providing a satellite-connected device the ability to receive messages – infringe one or more claims of the '135 Patent. Furthermore, Hughes appears to act as sole the service provider to users of these infringing systems – resulting in use of the infringing systems by end-users under

the influence and control of Hughes. Hughes thus infringes one or more claims of the '135 Patent. Defendant Hughes is thus liable for, at least, direct infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '135 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '135 Patent;

3. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '135 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice made at least as early as the service date of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

September 7, 2015

Respectfully Submitted,

**KAPPA DIGITAL, LLC**

By: /s/ Ronald W. Burns
Ronald W. Burns
Texas State Bar No. 24031903
Ronald W. Burns, Esq.
15139 Woodbluff Drive
Frisco, Texas 75035
Phone: 972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF**
**KAPPA DIGITAL, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 7th day of September, 2015.

/s/ Ronald W. Burns
Ronald W. Burns, Esq.